[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17054
Non-Argument Calendar
_____

D. C. Docket No. 04-00133-CV-2

WILLIAM MILLEDGE, et al.,

Plaintiffs,

CATO WALTHOUR,
SAMUEL WALTHOUR,

Plaintiffs-Appellants,

versus

RAYONIER, INCORPORATED,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 8, 2006)**

Before TJOFLAT, MARCUS and WILSON , Circuit Judges.

PER CURIAM:

Cato Walthour and Samuel Walthour, African-American males, appeal the district court's entry of summary judgment in favor of Rayonier, Inc. ("Rayonier"), on their claim of race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2.[1]  On appeal, the Walthours argue the district court erred by finding they did not establish that Rayonier's proffered reasons for not promoting them were a pretext for discrimination.[2]  We affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion.  Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000).  Rule 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1]  William Milledge and Cornell Shaw were also named plaintiffs on this complaint.  The district court severed the other plaintiffs and later dismissed the claims as to Shaw.  Milledge's claims proceeded separately and the court granted summary judgment in favor of Rayonier.  His appeal is currently before us under a separate appeal number, 05-16633-HH.

[2]  The Walthours have raised no arguments concerning the district court's entry of summary judgment on their claims for discrimination based on a hostile work environment and intentional infliction of emotional distress.  Accordingly, they have abandoned those claims. See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) (issues not clearly raised in initial briefs are considered abandoned).

entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). To warrant the entry of summary judgment, the moving party must demonstrate that "there is no genuine issue as to any material fact." HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Because the Walthours rely on circumstantial evidence to establish their claim, we test the sufficiency of that claim by applying the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Department of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981).[3]

_____

[3] We will not consider the Walthour's argument, asserted for the first time on appeal, that they established a pattern or practice of discrimination. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). Moreover, our review of the record reveals no direct evidence of discrimination and, therefore, the district court correctly applied the burden-shifting analysis for claims based on circumstantial evidence.

Under the McDonnell Douglas framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. The plaintiff's successful assertion of a prima facie case "creates a rebuttable presumption that the employer unlawfully discriminated against [him]." EEOC v. Joe's Stone Crab, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002) (citing U.S. Postal Serv. Bd. of Gov'rs. v. Aikens, 460 U.S. 711, 714 (1983)). Second, if the plaintiff successfully demonstrates a prima facie case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason. See Joe's Stone Crab, 296 F.3d at 1272. We proceed to the third step of the analysis once the employer meets its burden of production by proffering a legitimate, non-discriminatory reason, thereby rebutting the presumption of discrimination, and "[our] inquiry 'proceeds to a new level of specificity,' in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Id. at 1272-73 (citing Burdine, 450 U.S. at 255-56).

On appeal, the Walthours argue that Rayonier's proffered reasons at the second step of the McDonnell Douglas analysis were a pretext for discrimination. To establish pretext, a plaintiff must demonstrate that the proffered reasons were

4

not the true reasons for the employment decision "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005)). The Walthours must show that the disparities between their qualifications and the qualifications of the persons who received the promotions, Hugh Harvey and Gary Bowen, were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." Id. (quoting Cooper v. S. Co., 390 F.3d 695, 732 (11th Cir. 2004), cert. denied, 126 S. Ct. 478 (2005)).

"[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993) (citation omitted). A reason is not pretext for discrimination "unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993). In the context of a promotion:

> a plaintiff cannot prove pretext by simply arguing or even
> by showing that he was better qualified than the officer

who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race. We have explained, a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where . . . the reason is one that might motivate a reasonable employer.

Alexander v. Fulton County, 207 F.3d 1303, 1339 (11th Cir. 2000) (internal quotations omitted).

After careful review, we discern no error in the district court's finding that the Walthours failed to establish that Rayonier's reasons for promoting Harvey and Bowen rather than the Walthours -- these reasons included that Harvey and Bowen had performed vibration testing for three years and continued to perform the work on a relief basis afterwards and therefore had superior experience -- constituted a pretext for discrimination. The Walthours have pointed to no evidence rebutting the proffered legitimate, non-discriminatory reason for Rayonier's employment decision. Cf. Brooks, 446 F.3d at 1163 (holding that superior qualifications and first-hand experience were legitimate, non-discriminatory reasons for employment

decision).  Accordingly, we affirm the entry of summary judgment to Rayonier.[4]

**AFFIRMED.**

---

[4]    The Federal Rules of Appellate Procedure specify that within 10 days after filing a notice of appeal, the appellant must either "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary" or "file a certificate stating that no transcript will be ordered." Fed. R. App. 10(b)(1). Rule 10(b)(2), in turn, specifies that: "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. 10(b)(2).  It is well-settled that the appellant bears the burden of ensuring that the record on appeal is complete, and we will affirm the district court's judgment where a failure to discharge that burden prevents the Court from reviewing the district court's decision. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002); Borden, Inc. v. Fla. E. Coast Ry. Co., 772 F.2d 750, 758 (11th Cir. 1985).  This is known as the "absence-equals-affirmance rule." Selman v. Cobb County School Dist., 449 F.3d 1320, 1333 (11th Cir. 2006).  The rationale behind this rule "is that where it is the appellant's fault that an appellate court cannot properly carry out its review the appellant is the one who should suffer the consequences, and inflicting them encourages proper preparation and presentation of the record on appeal." Id.

On December 12, 2005, the Walthours' attorney returned a transcript order form suggesting that no transcripts were required for this appeal.  Because the Walthours' complaint did not outline any specific allegations, their depositions were the primary source for discerning their arguments in the case.  Moreover, the depositions were the only evidence proffered by the Walthours in opposition to Rayonier's summary judgment motion.  Finally, the district court relied on numerous depositions in its summary judgment order.  Thus, it seems plain that the depositions are required for meaningful appellate review of many of the Walthours' arguments.  We highlight that in reaching our decision to affirm the district court, we have given the Walthours the benefit of the doubt and reviewed the deficient record provided to us.  Application of the "absence-equals-affirmance rule" would yield the same result, albeit with the expenditure of less judicial resources.